IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: | |
| JOHN J. NAVARRO, | CASE NO. BK19-81567-TLS |
| Debtor(s). | CHAPTER 7 |
| DN ENTERPRISES, | ADV. NO. A19-8034-TLS |
| Plaintiff, | |
| vs. | |
| JOHN J. NAVARRO, | **ORDER** |
| Defendant. | |

This matter is before the court on the defendant's motion for partial judgment on the pleadings (Fil. No. 12) and the plaintiff's motion for summary judgment (Fil. No. 27). Dean J. Jungers represents the plaintiff, and Richard L. Johnson represents the debtor-defendant. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motions were taken under advisement without oral arguments.

Both motions are denied.

DN Enterprises is a creditor holding a judgment issued in 2018 against John Navarro for the wrongful conversion of funds belonging to DN. The substance of that lawsuit concerns the transfer of real property owned by DN. In 2005, Navarro purchased real property located at 1926 South 14th Street in Omaha, Nebraska. He then deeded the property to DN. Thereafter, Navarro as an officer, director, and sole shareholder of DN pledged the property as collateral for a promissory note with Nebraska State Bank. On January 1, 2006, Navarro transferred all of DN's stock to his brother and Navarro's employment with DN was terminated. In 2009, Navarro entered into a land contract with a third party to sell the subject property. DN sued Navarro in state court and obtained a ruling that DN was the rightful owner of the real property. As a result, Navarro had no right to receive monies derived from the property. The court entered judgment against Navarro and in favor of DN for the installment payments made on the land contract from September 2010 through June 2014, totaling $36,889.70

Navarro filed a Chapter 7 bankruptcy petition in October 2019. DN promptly filed this adversary proceeding requesting a denial of discharge under 11 U.S.C. § 727 for failing to disclose certain assets on the bankruptcy schedules and at the initial § 341 meeting, or, alternatively, an order excepting the judgment debt from discharge under 11 U.S.C. § 523(a)(4). The parties have filed cross-motions seeking judgment in their favor, which are now before the court.

**Defendant's motion for partial judgment on the pleadings**

The debtor-defendant has filed a Rule 12(c) motion for partial judgment on the pleadings as to the § 727 allegations. Federal Rule of Civil Procedure 12(c) is made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b). Motions for judgment on the pleadings are generally reviewed under the same standard as a Rule 12(b)(6) motion. *Schultz v. U.S. Dep't of Educ. (In re Schultz)*, ___ B.R. ___, Case No. AP 19-03031, 2020 WL 2026611, at *4 (Bankr. D. Minn. Feb. 11, 2020) (citing *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018)); *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010).

> In determining whether to grant judgment on the pleadings in the first instance, a court must accept as true all facts pleaded by the non-moving party and draw all reasonable inferences in its favor. Allegations in a complaint which are denied by the nonmovant are assumed to be false. When considering a motion for judgment on the pleadings, a court generally must ignore materials outside the pleadings, but it may consider materials that are part of the public record, as well as materials that are necessarily embraced by the pleadings. After determining the facts in this fashion, the movant is entitled to judgment on the pleadings only if those facts "clearly establish that no material issue of fact remains to be resolved and he is entitled to judgment as a matter of law."

*McDermott v. Swanson (In re Swanson)*, 476 B.R. 236, 239 (B.A.P. 8th Cir. 2012) (internal citations omitted).

The allegations in the complaint must be sufficient to "raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Schultz*, 2020 WL 2026611, at *4 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

DN's complaint alleges that Navarro was a shareholder of Navarro Lawn & Landscape, Inc. ("NL&L"), in 2019 but did not include his ownership interest or his income from that business in his bankruptcy schedules. He testified at the § 341 meeting that he had not received any wages or other income in January or February 2019, and further testified that he owned NL&L but it had no value. DN asserts both statements are untrue because the company's tax return and the garnishment interrogatories answered by the company's controller show otherwise.

After the § 341 meeting, the debtor amended his bankruptcy schedules to include his 100% ownership of NL&L, which he valued at $0, and his interest in a $141,000 receivable for work done by NL&L. His original Statement of Financial Affairs was not amended, as it already listed an amount for 2019 wages as of the petition date, as well as his ownership of NL&L.

DN also points out that Navarro's § 341 testimony pertaining to a couple of other matters is suspect. One example was the location of Navarro's business premises, when the debtor said he had not worked out of the Ralston location since 2016 or 2017, although records from the Nebraska

Secretary of State indicate as recently as March of this year that NL&L operated at the Ralston address. Another example is the purported assignment of NL&L contracts and transfer of real estate to a third party for no apparent consideration.

DN's complaint focuses on the absence of relevant information in Navarro's initial bankruptcy schedules and his testimony at the § 341 hearing. DN argues that Navarro should be denied a discharge of his debts because he gave false information under oath in his schedules and at the § 341 meeting.

Denial of discharge is "a serious matter not to be taken lightly by a court." *McDonough v. Erdman (In re Erdman)*, 96 B.R. 978, 984 (Bankr. D.N.D. 1988). It "is akin to financial capital punishment" and "is reserved for the most egregious misconduct by a debtor." *United States Trustee v. Beard (In re Beard)*, 595 B.R. 274, 289 (Bankr. E.D. Ark. 2018) (quoting *Manning v. Watkins (In re Watkins)*, 474 B.R. 625, 630 (Bankr. N.D. Ind. 2012)).

The provisions of § 727 are strictly construed in the debtor's favor, while remaining cognizant that § 727 exists to prevent a debtor's abuse of the Bankruptcy Code. *Fox v. Schmit (In re Schmit)*, 71 B.R. 587, 589-90 (Bankr. D. Minn. 1987). When a party objecting to a debtor's discharge "establishes a prima facie case, the burden then shifts to the debtor defendant to offer credible evidence to satisfactorily explain his conduct." *Robbins v. Haynes (In re Haynes)*, 549 B.R. 677, 685 (Bankr. D.S.C. 2016); *Kaler v. Charles (In re Charles)*, 272 B.R. 680, 683-84 (B.A.P. 8th Cir. 2012); Fed. R. Bankr. P. 4005.

Section 727(a)(4)(A) of the Bankruptcy Code authorizes the court to withhold a discharge of all of a debtor's debts when the debtor knowingly and fraudulently makes a false oath or account in the bankruptcy case. The purpose of § 727(a)(4)(A) is to "promote[] truth-telling in the statements and schedules so that creditors and trustees will not have to resort to independent investigation and fact-finding." *Wetzel v. Eichler (In re Eichler)*, 599 B.R. 31, 46 (Bankr. E.D. Ark. 2019) (quoting *Daniel v. Boyd (In re Boyd)*, 347 B.R. 349, 355 (Bankr. W.D. Ark. 2006)).

To deny a debtor a discharge under § 727(a)(4)(A), the plaintiff must prove that
(1) "the Debtor made a statement under oath;
(2) the statement was false;
(3) the Debtor knew the statement was false;
(4) the Debtor made the statement with fraudulent intent; and
(5) the statement related materially to the Debtor's bankruptcy case."

*Kaler v. Charles (In re Charles)*, 272 B.R. 680, 684 (B.A.P. 8th Cir. 2012) (citing *Lincoln Sav. Bank v. Freese (In re Freese)*, 460 B.R. 733, 738 (B.A.P. 8th Cir. 2011)).

Well-established case law holds that because the statements made by a debtor in his schedules and statements and at the meeting of creditors are signed under penalty of perjury and made under oath, they constitute "oaths" for purposes of § 727(a)(4)(A). *Id.* (citing *Korte v. United States (In re Korte)*, 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001)); Fed. R. Bankr. P. 1008.

A matter is "material" if it concerns the discovery of assets or the existence and disposition of estate property, or bears a relationship to the debtor's business transactions or estate. *Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992); *Ellsworth v. Bauder (In re Bauder)*, 333 B.R. 828, 830 (B.A.P. 8th Cir. 2005); *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984) (per curiam).

Intent can be established by circumstantial evidence, *Korte*, 262 B.R. at 474, and reckless disregard for the truth will support a finding of fraudulent intent for the purpose of denying a debtor his discharge under § 727(a)(4)(A). *Bank of Bennington v. Thomas (In re Thomas)*, 431 B.R. 468, 472 (B.A.P. 8th Cir. 2010) (citing *Korte* at 474).

In this case, there is no dispute that certain information was omitted from Navarro's initial set of bankruptcy schedules, although they were later amended, and that testimony he gave at his § 341 meeting was not factually accurate. The key issue is whether those statements were knowingly and fraudulently made. It is difficult for the court to determine whether a debtor's actions were intentional without the opportunity to hear from the debtor and gauge his credibility. For that reason, Navarro's Rule 12(c) motion is denied.

**Plaintiff's motion for summary judgment**

DN has filed a motion seeking summary judgment on its claim that the judgment debt is not dischargeable pursuant to § 523(a)(4) because it is for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.[1] DN asserts the judgment is res judicata as to Navarro's conversion of DN's assets.

Navarro's objection to the summary judgment motion has three elements: he asserts the motion was filed late, the state court judgment was wrongly decided, and DN has unclean hands because it did not list this judgment in the schedules and Statement of Financial Affairs in its own Chapter 11 bankruptcy case, Case No. BK18-81526-TLS, filed on October 20, 2018.

As to what Navarro characterizes as the late filing of the motion – because it was filed after the deadline of July 1 as established in the parties' joint preliminary pretrial statement (Fil. No. 9), to which the parties are bound by the order of March 12, 2020 (Fil. No. 10) – the court notes that the motion was actually filed as a response to Navarro's Rule 12(c) motion, combined with what DN described as its own motion for judgment on the pleadings. Confusion over the applicability of the court's local procedural rules led to DN being directed to refile it as a motion for summary judgment with appropriate notice, which DN promptly did. This is not a clear violation of the scheduling deadlines. Moreover, Navarro has not alleged that he suffered any prejudice as a result of the late filing.

If Navarro wants to go down the road of arguing about compliance with procedural requirements, the court might be inclined to point out Navarro's own failure to abide by local rules in opposing the motion for summary judgment. Local Rule 7056-1.C. envisions that the resisting party will file a brief, evidence, and a response to the movant's statement of material facts. Navarro

---

[1] The plaintiff does not specify which portion of § 523(a)(4) it thinks is applicable here.

- 4 -

has not provided any of those. In any event, the court is prepared to rule on the motion and the resistance as they exist in the record.

Because the debt at issue is based on a judgment entered in a state court lawsuit, the preclusive effect of that judgment must be evaluated. A state court action to establish a debt is separate from a determination of the dischargeability of that debt in bankruptcy. *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 609 (B.A.P. 8th Cir. 1997) (citing *Brown v. Felsen*, 442 U.S. 127, 134-35 (1979)). The bankruptcy court has exclusive jurisdiction to determine whether debts for a debtor's fiduciary or non-fiduciary fraud, embezzlement, larceny, or willful and malicious injury are non-dischargeable. 11 U.S.C. § 523(c); *Zio Johnos, Inc. v. Ziadeh (In re Ziadeh)*, 276 B.R. 614, 619 (Bankr. N.D. Iowa 2002). Therefore, the court must review the state court judgment to see whether it establishes the elements of a prima facie case under § 523. *Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989-90 (8th Cir. 1999) (per curiam).

The court "employs a flexible and pragmatic approach when assessing the preclusive effect of [another] court's order." *First State Bank of Roscoe v. Stabler*, 914 F.3d 1129, 1136-37 (8th Cir. 2019). When the parties have previously litigated an issue in a state court, the bankruptcy court will look to state law to determine the preclusive effect of that judgment. *Id.* at 1137; *Madsen*, 195 F.3d at 989-90; *Jacobus v. Binns (In re Binns)*, 328 B.R. 126, 129 (B.A.P. 8th Cir. 2005). This court does "not make preclusion determinations in the abstract or in a vacuum." *Stabler*, 914 F.3d at 1137. Instead, it must "look to see what the underlying court actually said and what the parties communicated to one another and to the court about what they understood to be at issue in the underlying proceeding." *Id.*

In Nebraska, a judgment on the merits, for purposes of res judicata, is one which is based on legal rights, as distinguished from mere matters of practice, procedure, jurisdiction, or form. *Kerndt v. Ronan*, 458 N.W.2d 466, 469-70 (Neb. 1990). In other words, any right, fact, or matter directly adjudicated on the merits in a previous action by a court acting within its jurisdiction, or necessarily included in the determination in the previous action, is conclusively settled and may not be relitigated by the parties in a subsequent action. *Id.* at 469. The Nebraska Supreme Court has said that "summary judgments, judgments on a directed verdict, judgments after trial, default judgments, and consent judgments are all generally considered to be on the merits for purposes of res judicata." *Young v. Govier & Milone, L.P.*, 835 N.W.2d 684, 696 (Neb. 2013) (citing *DeVaux v. DeVaux*, 514 N.W.2d 640, 646 (Neb. 1994) (superseded by statute on other grounds as stated in *Alisha C. v. Jeremy C.*, 808 N.W.2d 875, 882 (Neb. 2012))).

Neither party has provided this court with the state court order and judgment, but DN quoted this relevant section in its brief:

> In reviewing the testimony and evidence adduced at trial, the Court finds that Plaintiff is entitled to a money judgment for conversion. "Tortious conversion is any distinct act of dominion wrongfully asserted over another's property in denial of or inconsistent with that person's rights." *First Tier Bank, NA.*, 255 Neb. at 418, 585 NW2d at 451. "[T]he essence of conversion is not acquisition by the wrongdoer, but the act of depriving the owner wrongfully of the property." *Berry and Co.*, 207 Neb. at 31, 295 NW2d at 696. In light of this Court's prior ruling that

- 5 -

> DN Enterprises is the owner of the 1926 Property, Defendant had no right to the receipt of monies derived from the 1926 Property. Plaintiff is entitled to a money judgment for the installment payments made on the 1926 Property from September of 2010 through June of 2014. This amounts to forty-six installment payments. Pursuant to the terms of the Land Contract, each installment payment was to be for $801.95. (Ex. 18). Thus, Plaintiff is entitled to a money judgment totaling $36,889.70.

Pl's Brf. at 5-6 (Fil. No. 25) (quoting what DN represents to be the District Court of Douglas County Order Nunc Pro Tunc on Findings of Fact and Court Order dated December 21, 2017, at 9, corrected by Order Nunc Pro Tunc dated January 17, 2018, in *DN Enterprises, Inc., a Nebraska corporation, vs. John Navarro*, Case No. CI 14-6545).

The Bankruptcy Code excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" § 523(a)(4). Fraud by a fiduciary is not at issue here. Embezzlement is the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come. *Belfry v. Cardozo (In re Belfry)*, 862 F.2d 661, 662 (8th Cir. 1988). The plaintiff must establish that the debtor was not lawfully entitled to use the funds for the purposes for which they were in fact used. *Id.* To show embezzlement, the creditor has to prove that it entrusted its property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud. *Bankers Trust Co. v. Hoover (In re Hoover)*, 301 B.R. 38, 52 (Bankr. S.D. Iowa 2003).

Larceny is the fraudulent and wrongful taking and carrying away of the property of another with intent to convert the property to the taker's use without consent of the owner. *Rech v. Burgess (In re Burgess)*, 106 B.R. 612, 622 (Bankr. D. Neb. 1989). "The essential difference between larceny and embezzlement is the manner in which property comes into the possession of the person charged. Embezzlement involves a lawful or authorized possession. In the case of larceny, however, the original taking and possession is unlawful." *Id.*

Here, the state court allegedly found, after holding a trial on the matter, that the real estate did not belong to Navarro.[2] He therefore had no right to sell it or to pocket the proceeds of the sale.

---

[2] Navarro argues that the state court judgment "was rendered without considering all issues involved and other special circumstances connected with that case." Def's Obj., at 2 (Fil. No. 31). It appears the Douglas County District Court entered its judgment after a trial on the plaintiff's complaint. Presumably – and having no evidence to the contrary – Navarro had a full and fair opportunity to present his defense. The judgment is final, and is entitled to res judicata effect here. To the extent Navarro wants to re-try the case in this court, to do so would violate the *Rooker-Feldman* doctrine.

> Under *Rooker-Feldman*, federal courts, other than the United States Supreme Court, lack subject matter jurisdiction to hear challenges to determinations made by state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, (2005); *Cawley v. Celeste (In re Athens/Alpha Gas Corp.)*, 715 F.3d 230, 234 (8th Cir. 2013). The doctrine is confined to federal cases brought by state court losers

Accordingly, his taking and possession of the funds from the sale should be analyzed under the larceny portion of § 523(a)(4).

An exception to discharge for larceny under 11 U.S.C. § 523(a)(4) requires proof that the debtor wrongfully and intentionally took another's property. *C & J Rentals, Inc. v. Purdy (In re Purdy)*, 231 B.R. 310, 312 (Bankr. E.D. Mo. 1999). According to the purported judgment quoted above, Navarro was found to have committed tortious conversion by asserting dominion over property not belonging to him and depriving the owner wrongfully of the property. This would be sufficient to establish the elements of larceny and render the debt non-dischargeable under § 523(a)(4).

This is before the court on a motion for summary judgment. Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). "A dispute of fact is 'genuine' if a factfinder could reasonably determine the issue in the non-moving party's favor." *Zayed v. Associated Bank, N.A.*, 913 F.3d 709, 714 (8th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factfinder can reasonably reach a conclusion if that conclusion is "based on 'sufficient probative evidence' and not on 'mere speculation, conjecture, or fantasy.'" *Id.* (quoting *Williams v. Mannis*, 889 F.3d 926, 931 (8th Cir. 2018)).

The movant bears the initial responsibility of informing the court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the non-movant must respond by submitting evidentiary materials that set out specific facts showing the existence of a genuine issue of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

If the record before me contained evidence to support the facts as alleged by DN, I would grant summary judgment to the plaintiff and except the debt from discharge. Unfortunately – and likely owing to the unusual motion practice employed in this case – neither party submitted relevant evidence on the summary judgment motion. Accordingly, there is no way for me to determine at this point what facts, if any, concerning dischargeability under § 523(a)(4) are in dispute, so the motion must be denied.

---

complaining of injuries caused by state court judgments; the state court losers seek review and rejection of those judgments. *Exxon Mobil Corp.*, 544 U.S. at 284.

*Finstad v. Gord (In re Finstad)*, 613 B.R. 180, 184 (B.A.P. 8th Cir. 2020).

- 8 -

IT IS ORDERED: The defendant's motion for partial judgment on the pleadings (Fil. No. 12) is denied. The plaintiff's motion for summary judgment (Fil. No. 27) is denied. The clerk shall schedule the case for trial.

DATED: August 11, 2020

BY THE COURT:

/s/Thomas L. Saladino
Chief United States Bankruptcy Judge

Notice given by the Court to:
    *Richard L. Johnson
    *Dean J. Jungers
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.